# William Phillips, plaintiff in error *vs.* John Runnels, defendant in error.

### *Error to Jackson.*

If a note which is not negotiable when executed is afterwards made so by statute, the assignee can then bring suit against the maker in his own name.

The making of such notes negotiable, and allowing the assignee to sue in his own name, instead of sueing in the name of the payee, for his use, is only a change of remedy, and does not effect the substantial rights of the maker.

A note is assignable after it falls due, but the purchaser buys it at his peril, as it is subject to the equities of the maker.

The action of debt lies by the assignee of a promissory note, against the maker.

The assignee may sue in his own right, and may maintain the same kind of action as the payee might have maintained.

Where there is a variance in the declaration as to the amount due, it is only available on special demurrer.

When depositions are improperly taken, if they are ruled out in the court below, they cannot be assigned for error.

It is not necessary that a jury should have all the papers in the cause, the note on which the action is brought is all that is requisite,

If a verdict does not exceed the principal and interest of the note sued upon, it is good although it may be for more than the damages laid in the declaration.

This was an action of debt brought by John Runnels against William Phillips, upon a note, of which the following is a copy :

"Twelve months after date, I promise to pay unto George B. Phillips one hundred and ten dollars, for value received of him. Witness my hand and seal, this 26th day of October, 1835.

"WILLIAM PHILLIPS, [s.]"

Endorsed, "I hereby sign my right, title and claim of the within note to John Runnels, this 6th day of July, 1841.

"G. B. PHILLIPS."

The plaintiff had a verdict and judgment at October term 1842, for $144,47.

The facts of the case may be sufficiently ascertained from the bill of exceptions, the assignment of errors, and the opinion of the court.

" Be it remembered that on the trial of the above cause, at the present term of this court, the defendant, by attorney, objected to the introduction of a certain promissory note, or agreement, offered by the plaintiff in support of his declaration, because said note was expressed to be for the payment of one hundred and ten dollars, and that the declaration alleged that the note on which the action was brought was for the payment of one hundred and forty-six dollars, which was a variance material to the action, and also that said declaration was uncertain in this, that there was a variance therein material to the case, it being alleged in said declaration that said note was given for the payment of one hundred and forty-six dollars, and also for one hundred and ten dollars. Which objections were overruled by the court.

" And afterwards the defendant by his attorney, moved that the verdict of the jury in this case may be set aside, and a new trial granted for the following reasons :

" 1. That the jury in this case when they retired to consider of their verdict, had not with them any of the papers belonging to the case, except the note, which was by some person, unwarrantably and improperly severed from the depositions annexed to it.

" 2. Because the verdict returned by the jury in this case is for the sum of one hundred and forty-four dollars and twenty-seven cents, whereas the plaintiff in his declaration aforesaid, lays his damages in the sum of fifty dollars only, and the said verdict is for a sum greater than the damages demanded by the plaintiff.

" 3. The verdict is against law and evidence.

" Which motion was overruled by the court.

"'The defendant also on the trial objected to the admission of the depositions of John M. Whitaker and Martin Cox, for the reason among others, that the defendant had no notice of the taking of said depositions.

" Which objection was overruled because it was proven by the testimony of W. A. Warren, as also by his official return that the defendant had due notice.

" And the defendant afterwards by his attorney moved the court that judgment may be arrested in the above case, for the reason that the said promissory note in the plaintiff's declaration mentioned, and on which the action is founded, is not a negotiable promissory note, and was not assignable to the plaintiff, so as to enable him to bring his action thereon in his own name. And that said Runnels, the plaintiff in said action could not have or maintain the said action in his own name. Which motion was overruled by the court.

" To which said several opinions of the court in the matters aforesaid and to the ruling of the court therein, the defendant here in this, his bill of exceptions, objects and takes exceptions, &c.

" Note. The depositions of John M. Whitaker and Martin Cox, which were read in evidence in this case were taken under a *dedimus potestatum,* issued by a justice of the peace in Van Buren county, Iowa, who brought before him as a witness, to testify under the commission aforesaid, one George B. Phillips, a person not named in the commission, or notice to the defendant, and whose deposition said justice took and returned with the depositions of Whitaker and Cox. The note upon which the suit was brought, was attached to the commission. Objection being made to the reading of the deposition of said George B. Phillips, the same was sustained and the reading of the said deposition of the said George B. Phillips was prohibited by the court.

" When the jurors were about to retire to consider of their verdict the attorney for the plaintiff was about to hand to them the depositions of said Whitaker, Cox & Phillips, to the jury, which the court prohibited, but the judge of the court seperated the note from the depositions and handed said note to the jury, for the reason that it would be improper to admit the deposition of said Phillips to be handed to the jury, and it was necessary that the jury should have the note, in order to make up the verdict.

" The above proceedings were had on the 20th of October, 1842, with the exception of the overruling of the motion in arrest of judgment.

" Given under my hand this 21st day of October, 1842.

                " T. S. WILSON, [L. S.]

                "Judge, 3d Ju. Dist. I. T."

The defendant below is plaintiff in error.

Errors assigned :

General—because the court in the above cause rendered judgment against the said Phillips, the defendant, when in fact judgment should have been rendered against the said Runnels, the plaintiff, and not against the said Phillips, the defendant.

Special—1. The promissory note or obligation in writing on which said suit was founded was not a *negotiable* promissory note, and could not be assigned so as to enable the assignee to bring an action in his own name against the promissor.

2. The said note could not be assigned so as to enable the assignee to bring an action of debt against the promissor.

50

3. There was a material and repugnant variance in the declaration in the statement of the debt due and owing, and also in the statement of the note declared on, in averring it to be for the payment of one hundred and forty six-dollars, ahd also for one hundred and ten dollars.

4. The depositions of John M. Whitaker and Martin Cox were improperly admitted by the court, the said Phillips not having received legal notice of the taking thereof, and the witnesses were not sworn to the truth of said depositions.

5. The commissioner before whom said depositions were given exceeded his authority in taking the testimony of George B. Phillips, whose testimony he was not commissioned to take, and in putting interrogatories not contained in said commission, or annexed thereto.

6. The jury had not the papers with them when they retired to consider of their verdict.

7. The verdict is for a sum greater than the damages laid, or the amount of said note, and does not specify whether the whole or what part of the sum given by said verdict is for debt, and what part for damages.

WILLIAM J. A. BRADFORD, for plaintiff in error.

CRAWFORD & WRIGHT, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first point made by the plaintiff in error is, that the note on which this suit was brought was not assignable so as to vest the legal right of action in the present plaintiff. The note, although not negotiable on its face, is rendered so by our statute, see laws of 1839, page 381. It is however contended that this statute would be inapplicable to a note executed like the one in the present instance before the enactment of the statute.

The argument is certainly a sound one, so far as all the substantial interests of the maker of the note are concerned, but it does not apply to the present case. The statute of 1839, does not affect any substantial right of the plaintiff in error. Before the enactment of that statute a note of the kind of that on which this suit was brought, would have been assignable, and vest in the assignee all the right he now possesses except that of bringing suit in his own name. Instead of reading, George B. Phillips for the use of John Runnels vs. William Phillips, the the title of the suit is now permitted to read: John Runnels vs. William Phillips. This is all the effect the act of 1839 has had upon this case. Surely this is not such an infringment of the rights of the maker of the

note as to exceed the power of legislation.   It is merely a modification of the remedy.

The decision in the case of Griffey vs. Payne, decided at the July term 1840, does not contradict the positions above taken, for in that case the court only held that a defence, valid at the time of the making of the note, could not be cut off by a subsequent statute.   This is a very different thing from authorizing a mere change in the title of the suit, leaving all the parties rights unchanged.

The position that a note is not assignable after it falls due, is wholly untenable.   The purchaser buys at his peril it is true.   The note in his hands will be subject to the equities of the maker, but in other respects an assignment after due is of the same force and effect as though made before the note fell due.

It is further objected that the action of debt does not lie by the assignee of a promissory note against the maker.   This was formerly the law, but the case is now different, and every assignee may now not only sue in his own right, but may also maintain *the same kind of action* as the payee himself might have maintained.   See R. Laws of 1843, page 452.   This provision merely affecting the remedy is applicable to antecedent contracts.

The variance relied upon in the third assignment of errors, are at most only available upon special demurrer.

The record shows the facts stated in the fourth assignment of errors to be untrue.

The fifth error assigned was cured by the act of the court below in ruling out the deposition of the witness whose testimony was improperly taken.

It was not necessary that the jury should have had the " papers" with them.   They had the promissory note in their possession and this was all that was necessary.

The seventh and last error assigned, relates to the form and substance of the virdict.   It is certainly not a formal verdict, but we think it sufficient in substance.   That in an action of debt it exceeds the mere damages laid in the declaration is no sound objection.   It does not exceed the principal and interest of the note sued on, and there is no mistaking the meaning and intention of the jury.

Judgment affirmed.